**Steven Yovits**
*syovits@kelleydrye.com*
(*pro hac vice to be filed*)
**Mark J. Scott**
*mascott@kelleydrye.com*
(*pro hac vice to be filed*)
**Kelley Drye & Warren LLP**
333 West Wacker Drive
Chicago, IL 60606
Telephone: (312) 857-7070

**Clifford Katz**
*ckatz@kelleydrye.com*
(*pro hac vice to be filed*)
**Malavika Rao**
*mrao@kelleydrye.com*
(*pro hac vice*)
**Kelley Drye & Warren LLP**
101 Park Avenue, 27th Floor
New York, NY 10178
Telephone: (212) 808-7800

**Samuel C. Straight**
*sstraight@RQN.com*
**Ray Quinney & Nebeker**
36 South State Street
Suite 1400
Salt Lake City, UT 84111
Telephone: 801-532-1500

*Attorneys for Gracenote, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GRACENOTE, INC.,<br><br>      *Plaintiff*,<br>  v.<br><br>SORENSON MEDIA LTD.,<br><br>      *Defendant*. | Case No. _____<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Gracenote, Inc. ("Gracenote" or "Plaintiff"), as and for its Complaint against Sorenson Media Ltd. ("Sorenson Media" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement brought against Defendant for infringement of United States Patent No. 9,143,718 ("the '718 Patent"), United States Patent No. 6,230,192 ("the '192 Patent"), and United States Patent No. 9,414,008 ("the '008 Patent").

2. This action relates to, and at least in part arises out of the same infringing activities as those described in, *Gracenote, Inc. v. Sorenson Media, Inc.*, Case. No. 2:16-cv-00950-CW-DBP, United States District Court for the District of Utah ("the Parent Case"), which is currently stayed because Sorenson Media, Inc. (parent company of Defendant) has filed for bankruptcy. *See In re Sorenson Media, Inc.*, Case No. 18-27740, United States Bankruptcy Court for the District of Utah, Central Division.

## PARTIES

3. Gracenote, Inc. is organized and existing under the laws of the state of Delaware, with its principal place of business at 2000 Powell Street, Suite #1500, Emeryville, California 94608.

4. Upon information and belief, Sorenson Media Ltd. is a limited company organized and existing under the laws of the United Kingdom, with a place of business at Carlyle House, 9 Cathedral Road, Cardiff, United Kingdom CF11 9HA.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

6. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the rights and benefits of Utah law by engaging in systematic and continuous contacts with the State of Utah. In particular, Defendant has executed a contract with its parent company, Sorenson Media, Inc., a Delaware corporation with its principal place of business in Draper, Utah, under which Defendant has provided and continues to provide infringing products and services ("the Products and Services") for sale in the entire United States and in Utah in particular. (*See* Transcript of Final Hearing on Motion for Order Approving Debtor's Assumption of Non-exclusive Supporting Services Agreement with Sorenson Media Limited, *In re Sorenson Media, Inc.*, Case No. 18-27740, United States Bankruptcy Court for the District of Utah, Central Division, November 13, 2018, ("Transcript") 17:5-18:25 (attached as Exhibit D).) Furthermore, Defendant has actually provided such Products and Services (and, upon information and belief, has traveled to Utah to do so) for sale in Utah in particular and across the United States in general – either directly or through its parent company Sorenson Media, Inc. – for at least the last two years. (*Id.*, 41:11-42:23.) These Products and Services have been provided in approximately 21 million Samsung television sets sold in the United States. (*Id.,* 45:21-22.) Upon information and belief, many of these television sets have been sold in Utah.

7. Plaintiff's claims arise out of Defendant's provision of the Products and Services. In particular, Defendant has placed, and continues to place, the Products and Services into the stream of commerce, either directly or via an established distribution channel, with the knowledge and/or understanding that the Products and Services are sold in the United States in general and in Utah in particular.

8. Defendant derives substantial revenue from its agreement to provide, and from providing, the Products and Services. (*Id.,* 17:24-18:18:8.) In fact, Defendant has no clients other than Sorenson Media, Inc. and therefore, upon information and belief, has no other source of revenue. (*See id.*) Defendant has accordingly availed itself of the privilege of conducting business in Utah.

9. Upon information and belief, Defendant intends to continue providing its Products and Services, which infringe the claims of the '718 and '008 Patents, for sale across the United States and in Utah in particular. (*Id.,* 42:23-25.) This will lead to foreseeable harm and injury to Plaintiff in Utah, in this Judicial District and in the United States in general.

10. In the alternative, this Court has personal jurisdiction over Defendant because the requirements of Federal Rule of Civil Procedure 4(k)(2) are satisfied because (a) Plaintiff's claims arise under federal law; (b) Defendant is a foreign entity not subject to general personal jurisdiction in the courts of any state; and (c) Defendant has sufficient contacts with the United States as a whole such that this Court's exercise of jurisdiction over Defendant satisfies due process considerations; such contacts include providing the Products and Services, which infringe the claims of the '718, '192 and '008 Patents, for sale in 21 million television sets sold in the United States. (*See* Transcript, 45:21-22.)

11. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(3) and (c)(3) because Defendant is subject to the Court's personal jurisdiction and is not resident in the United States.

**FACTUAL BACKGROUND**

12. Gracenote is the world's leading entertainment data and technology company and is at the forefront of how multimedia is experienced. Gracenote offers multiple products that

4

have revolutionized users' experience of music and video.

13. Gracenote, through its subsidiaries Gracenote Korea Ltd. and Enswers Inc., have also been at the forefront of providing automatic content recognition services to television original equipment manufacturers (OEMs) since at least 2012.

14. Gracenote's automatic content recognition platform interprets a multimedia signal and takes action at certain designated points in the multimedia signal. For example, at certain points in a multimedia signal, specific advertisements may be shown, or additional content may be presented to the viewer.

## THE ASSERTED PATENTS

15. Gracenote has obtained patent protection for its innovative technology, including the '718 Patent, '192 Patent, and '008 Patent.

16. The '718 Patent, entitled "Method and Apparatus for Selection of Content from a Stream of Data," was duly and legally issued on September 22, 2015. A true and correct copy of the '718 Patent is attached hereto as Exhibit A.

17. Gracenote is the assignee and owner of all right, title, and interest in the '718 Patent. The '718 Patent is valid and enforceable.

18. The '192 Patent, entitled "Method and System for Accessing Remote Data Based on Playback of Recordings," was duly and legally issued on May 8, 2011. A true and correct copy of the '192 Patent is attached hereto as Exhibit B.

19. Gracenote is the assignee and owner of all right, title, and interest in the '192 Patent. The '192 Patent is valid and enforceable. The '192 Patent has expired.

20. The '008 Patent, entitled "Method and Apparatus for Selection of Content from a

Stream of Data," was duly and legally issued on August 9, 2016. A true and correct copy of the '008 Patent is attached hereto as Exhibit C.

21. Gracenote is the assignee and owner of all right, title, and interest in the '008 Patent. The '008 Patent is valid and enforceable.

22. Defendant has had actual knowledge of the '718 Patent, '192 Patent, and '008 Patent since at least the filing of the September 12, 2016 Complaint (the "Original Complaint") in the Parent Case.

## THE INFRINGING PRODUCT

23. Upon information and belief, Defendant makes, uses, imports, provides for sale, sells or offers for sale its Products and Services. More specifically, Defendant makes, uses, imports, provides for sale, sells, or offers for sale its addressable advertising product, which is known as SPARK, Sorenson Core, Sorenson Core Client, Sorenson Addressable and/or SPARK Ad Suite ("the Infringing Product").

24. Upon information and belief, the Infringing Product is capable of performing a variety of functions, including content fingerprinting, to analyze and take action (such as enabling targeted advertisements) based on the content displayed to a viewer. At the core of the Infringing Product is an automatic content recognition platform.

25. Upon information and belief, the Infringing Product operates by receiving both a main datastream and a reference datastream. The main datastream includes a plurality of main content elements (*e.g.*, program content) intermixed with inserted content elements (*e.g.*, advertisements). The reference datastream includes reference fingerprints and timestamps (*i.e.*, items of mark-up information) of the main content elements of the main datastream. The

reference datastream has less data than the main datastream, and streams at a different rate.

26. Upon information and belief, the Infringing Product computes main fingerprints from at least some of the main content elements included in the main datastream. The Infringing Product then identifies a main fingerprint that corresponds or links with a reference fingerprint. The Infringing Product selects a displayed main content element based on reference fingerprints.

27. Upon information and belief, the Infringing Product also performs actions that correspond to the content being played on a playback device. For example, the Infringing Product identifies time points that correspond to reference fingerprints, and associates an action to be taken at such time points. The specific action is stored in a database that is accessed by the Infringing Product. The Infringing Product obtains a match in the database between a main fingerprint and a reference fingerprint, and performs or causes to be performed the corresponding action on a playback device. As another example, the Infringing Product outputs data that corresponds to a broadcast feed to a local playback device. When a buffered portion of a broadcast feed is played, the Infringing Product automatically executes a program on the playback device to obtain at least one uniform resource locater ("URL") corresponding to the broadcast feed from a remote computer. In this fashion, the Infringing Product obtains remote data from the location identified by the URL, and outputs such data for playback on the playback device.

28. Upon information and belief, by making, using, importing, offering to sell, or selling the Infringing Product, Defendant is infringing at least claims 1 and 14 of the '718 Patent, has infringed at least claim 34 of the '192 Patent, and is infringing at least claims 1-2, 5-7, 9-10, and 13-15 of the '008 Patent under 35 U.S.C. §§ 271(a), (b) and (c).

29. By this lawsuit, Gracenote seeks to enjoin Defendant from any further unauthorized making, using, importing, offering to sell, or selling of Gracenote's patented technology, and it seeks to recover damages, including lost profits, treble damages, reasonable attorneys' fees, and other such and further relief as the Court deems just and proper against Defendant's willful violation of federal law.

## COUNT I
## INFRINGEMENT OF THE '718 PATENT

30. Gracenote repeats and re-alleges paragraphs 1-29 as if fully set forth herein.

31. Upon information and belief, Defendant has infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '718 Patent under 35 U.S.C. § 271(a), including at least claims 1 and 14, by making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the Infringing Product identified in this Complaint.

32. In addition to infringing the asserted method and apparatus claims directly, Defendant induces infringement of the asserted method claims of the '718 Patent under 35 U.S.C. § 271(b) and contributes to infringement of the asserted claims of the '718 Patent under 35 U.S.C. § 271(c). Defendant has committed such acts of indirect infringement since at least the filing of the Original Complaint in the Parent Case on September 12, 2016.

33. On September 12, 2016, Gracenote filed its Original Complaint in the Parent Case, which it served on Defendant's parent company on September 14, 2016. The Original Complaint attached the '718 Patent and described the manner in which particular aspects of the Infringing Product, and the use of same, practice each element of the asserted claims of the '718 Patent.

34. Thus, as of the filing of the Original Complaint, Defendant has known of the existence of the '718 Patent and has known, or should have known, that its encouragement and instruction to users regarding the Infringing Product would cause the users to infringe the method claims of the '718 Patent. Accordingly, Defendant has knowingly induced infringement of the '718 Patent since at least the filing of the Original Complaint.

35. Defendant has encouraged and instructed users, and continues to instruct users, to infringe the method claims of the '718 Patent.

36. Specifically, Defendant provides all the hardware, software, and firmware for carrying out each method step of the asserted method claims. The television user has no choice but to carry out the method steps when using the television because the steps are carried out automatically upon receipt of information sent by Defendant according to code and firmware Defendant has placed within the Infringing Product.

37. Thus, since at least the filing of the Original Complaint in the Parent Case, Defendant has knowingly encouraged and instructed users to infringe the method claims of the '718 Patent, which is valid and enforceable. Accordingly, Defendant has knowingly induced infringement of those claims since at least the filing of the Original Complaint on September 12, 2016.

38. Furthermore, as of the filing of the Original Complaint, Defendant has known of the existence of the '718 Patent and has known, or should have known, that its providing of the Products and Services would constitute contributory infringement of the claims of the '718 Patent. In particular, Defendant knew or should have known that its Products and Services, if not directly infringing (*i.e.,* even if Defendant alleges that another entity provides some part of the

Infringing Product, which directly infringes the '718 Patent), were designed for combination to make a product, or for use in a method, that was patented and infringed. Specifically, Defendant knew or should have known that its Products and Services constitute a material part of the Infringing Product, that the Products and Services do not constitute a staple article of commerce suitable for substantial noninfringing use and that the Products and Services do not have any substantial noninfringing use. Accordingly, Defendant has knowingly contributed to the infringement of the '718 Patent since at least the filing of the Original Complaint.

39. Gracenote's Original Complaint attached the '718 Patent and described the manner in which particular aspects of the Infringing Product practice each element of the asserted claims of the '718 Patent. In spite of the foregoing, Defendant has continued to make, use, sell, import and/or offer for sale the Infringing Product.

40. Thus, since at least the filing of the Original Complaint in the Parent Case, Defendant has known of the '718 Patent and has known, or should have known, that its actions have constituted infringement of the '718 Patent, which is valid and enforceable. Accordingly, Defendant has willfully infringed the '718 Patent since at least the filing of the Original Complaint.

41. Through the conduct alleged above, Defendant has caused and will in the absence of an injunction continue to cause Gracenote to suffer damages, which in no event are less than a reasonable royalty, and which include, but are not limited to, lost sales and sales opportunities. Defendant has also irreparably harmed Gracenote. Upon information and belief, unless and until Defendant is enjoined by this Court from further infringement, Gracenote will continue to suffer damages and irreparable injury for which it has no adequate remedy at law.

## COUNT II
## INFRINGEMENT OF THE '192 PATENT

42. Gracenote repeats and re-alleges paragraphs 1-41 as if fully set forth herein.

43. Upon information and belief, Defendant has infringed, literally or under the doctrine of equivalents, one or more claims of the '192 Patent under 35 U.S.C. § 271(a), including at least claim 34, by making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the Infringing Product identified in this Complaint.

44. In addition to infringing the asserted method and apparatus claims directly, Defendant has induced infringement of the asserted method claims of the '192 Patent under 35 U.S.C. § 271(b) and has contributed to infringement of the asserted claims of the '192 Patent under 35 U.S.C. § 271(c). Defendant has committed such acts of indirect infringement since at least the filing of Gracenote's Original Complaint in the Parent Case on September 12, 2016.

45. On September 12, 2016, Gracenote filed its Original Complaint in the Parent Case, which it served on Defendant on September 14, 2016. The Original Complaint attached the '192 Patent and described the manner in which particular aspects of the Infringing Product, and the use of same, practice each element of the asserted claims of the '192 Patent.

46. Thus, as of the filing of the Original Complaint, Defendant has known of the existence of the '192 Patent and has known, or should have known, that its encouragement and instruction to users regarding the Infringing Product would cause the users to infringe the method claims of the '192 Patent. Accordingly, Defendant has knowingly induced infringement of the '192 Patent since at least the filing of the Original Complaint in the Parent Case.

47. Defendant has encouraged and instructed users, and continues to instruct users, to infringe the method claims of the '192 Patent.

48. Specifically, Defendant has provided all the hardware, software, and firmware for carrying out each method step of the asserted method claims. The television user has had no choice but to carry out the method steps when using the television because the steps are carried out automatically upon receipt of information sent by Defendant according to code and firmware Defendant has placed within the Infringing Product.

49. Thus, since at least the filing of the Original Complaint in the Parent Case, Defendant has knowingly encouraged and instructed users to infringe the method claims of the '192 Patent, which is valid and enforceable. Accordingly, Defendant has knowingly induced infringement of those claims since at least the filing of the Original Complaint on September 12, 2016.

50. Furthermore, as of the filing of the Original Complaint, Defendant has known of the existence of the '192 Patent and has known, or should have known, that its providing of the Products and Services would constitute contributory infringement of the claims of the '192 Patent. In particular, Defendant knew or should have known that its Products and Services, if not directly infringing (*i.e.,* even if Defendant alleges that another entity provides some part of the Infringing Product, which directly infringes the '192 Patent), was designed for combination to make a product, or for use in a method, that was patented and infringed. Specifically, Defendant knew or should have known that its Products and Services constitute a material part of the Infringing Product, that the Products and Services do not constitute a staple article of commerce suitable for substantial noninfringing use and that the Products and Services do not have any substantial noninfringing use. Accordingly, Defendant has knowingly contributed to the infringement of the '192 Patent since at least the filing of the Original Complaint.

51. Gracenote's Original Complaint attached the '192 Patent and described the manner in which particular aspects of the Infringing Product practice each element of the asserted claims of the '192 Patent. In spite of the foregoing, Defendant has continued to make, use, sell, import and/or offer for sale the Infringing Product.

52. Thus, since at least the filing of the Original Complaint in the Parent Case, Defendant has known of the '192 Patent and has known, or should have known, that its actions have constituted infringement of the '192 Patent, which is valid and enforceable. Accordingly, Defendant has willfully infringed the '192 Patent since at least the filing of the Original Complaint on September 12, 2016.

53. Through the conduct alleged above, Defendant has caused Gracenote to suffer damages, which in no event are less than a reasonably royalty, and which include, but are not limited to, lost sales and sales opportunities.

## COUNT III
## INFRINGEMENT OF THE '008 PATENT

54. Gracenote repeats and re-alleges paragraphs 1-53 as if fully set forth herein.

55. Upon information and belief, Defendant has infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '008 Patent under 35 U.S.C. § 271(a), including at least claims 1-2, 5-7, 9-10, and 13-15, by making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the Infringing Product identified in this Complaint.

56. In addition to infringing the asserted method and apparatus claims directly, Defendant induces infringement of the asserted method claims of the '008 Patent under 35 U.S.C. § 271(b) and contributes to infringement of the asserted claims of the '192 Patent under

35 U.S.C. § 271(c). Defendant has committed such acts of indirect infringement since at least the filing of Gracenote's Original Complaint in the Parent Case on September 12, 2016.

57. On September 12, 2016, Gracenote filed the Original Complaint in the Parent Case and served it on Defendant on September 14, 2016. The Original Complaint attached the '008 Patent and described the manner in which particular aspects of the Infringing Product, and the use of same, practice each element of the asserted claims of the '008 Patent.

58. Thus, as of the filing of the Original Complaint, Defendant has known of the existence of the '008 Patent and has known, or should have known, that its encouragement and instruction to users regarding the Infringing Product would cause the users to infringe the method claims of the '008 Patent. Accordingly, Defendant has knowingly induced infringement of the '008 Patent since at least the filing of the Original Complaint on September 12, 2016.

59. Defendant has encouraged and instructed users, and continues to instruct users, to infringe the method claims of the '008 Patent.

60. Specifically, Defendant provides all the hardware, software, and firmware for carrying out each method step of the asserted method claims. The television user has no choice but to carry out the method steps when using the television because the steps are carried out automatically upon receipt of information sent by Defendant according to code and firmware Defendant placed within the Infringing Product.

61. Thus, since at least the filing of the Original Complaint in the Parent Case, Defendant has knowingly encouraged and instructed users to infringe the method claims of the '008 Patent, which is valid and enforceable. Accordingly, Defendant has knowingly induced

infringement of the '008 Patent since the filing of the Original Complaint on September 12, 2016.

62. Furthermore, as of the filing of the Original Complaint, Defendant has known of the existence of the '008 Patent and has known, or should have known, that its providing of the Products and Services would constitute contributory infringement of the claims of the '008 Patent. In particular, Defendant knew or should have known that its Products and Services, if not directly infringing (*i.e.,* even if Defendant alleges that another entity provides some part of the Infringing Product, which directly infringes the '008 Patent), was designed for combination to make a product, or for use in a method, that was patented and infringed. Specifically, Defendant knew or should have known that its Products and Services constitute a material part of the Infringing Product, that the Products and Services do not constitute a staple article of commerce suitable for substantial noninfringing use and that the Products and Services do not have any substantial noninfringing use. Accordingly, Defendant has knowingly contributed to the infringement of the '008 Patent since at least the filing of the Original Complaint.

63. The Original Complaint attached the '008 Patent and described the manner in which particular aspects of the Infringing Product practice each element of the asserted claims of the '008 Patent. In spite of the foregoing, Defendant has continued to make, use, sell, and/or offer for sale the Infringing Product.

64. Thus, since September 12, 2016, Defendant has known of the '008 Patent and has known, or should have known, that its actions have constituted infringement of the '008 Patent, which is valid and enforceable. Accordingly, Defendant has willfully infringed the '008 Patent since September 12, 2016.

65. Through the conduct alleged above, Defendant has caused and will in the absence of an injunction continue to cause Gracenote to suffer damages, which in no event are less than a reasonable royalty, and which include, but are not limited to, lost sales and sales opportunities. Defendant has also irreparably harmed Gracenote. Upon information and belief, unless and until Defendant is enjoined by this Court from further infringement, Gracenote will continue to suffer damages and irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Gracenote prays for judgment against Defendant as follows:

1. A judgment declaring that Defendant has infringed the '718 Patent, '192 Patent, and '008 Patent and that such infringement has been willful;

2. An order and judgment permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the '718 Patent and '008 Patent;

3. A judgment awarding Gracenote all damages adequate to compensate for the Defendant's infringement of the '718 Patent, '192 Patent, and '008 Patent, but in no event less than a reasonable royalty, for the Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. A judgment awarding Gracenote all damages, including treble damages, based on any infringement found to be willful and egregious, pursuant to 35 U.S.C. § 284, together with pre-judgment interest;

5. A finding that this case is "exceptional" within the meaning of 35 U.S.C. § 285;

      6.      A judgment ordering that Defendant pay Gracenote its reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285; and

      7.      Such other and further relief as this Court deems just and proper.

Dated: December 19, 2018

By: */s/ Samuel C. Straight*
**Steven Yovits**
*syovits@kelleydrye.com*
(*pro hac vice*)
**Mark J. Scott**
*mascott@kelleydrye.com*
(*pro hac vice*)
**Kelley Drye & Warren LLP**
333 West Wacker Drive
Chicago, IL 60606
Telephone: (312) 857-7070

**Clifford Katz**
*ckatz@kelleydrye.com*
(*pro hac vice*)
**Malavika Rao**
*mrao@kelleydrye.com*
(*pro hac vice*)
**Kelley Drye & Warren LLP**
101 Park Avenue, 27th Floor
New York, NY 10178
Telephone: (212) 808-7800

**Samuel C. Straight**
*sstraight@RQN.com*
**Ray Quinney & Nebeker**
36 South State Street
Suite 1400
Salt Lake City, UT 84111
Telephone: 801-532-1500

*Attorneys for Gracenote, Inc.*

1475642